OPINION OF THE COURT

Per Curiam.

In this proceeding we are called upon to review a determination of the State Commission on Judicial Conduct removing from office the petitioner, a Judge of the Onondaga County Court, for certain acts of judicial misconduct. After having reviewed all of the evidence before the commission, we conclude that the penalty of removal is excessive and that censure is the more appropriate sanction. *273 On July 9, 1981, the commission served a complaint upon petitioner containing two charges of misconduct. The charges arose from two letters sent by petitioner to Judge J. Richard Sardino of the Syracuse City Court concerning appeals to County Court from Judge Sardino’s decisions. On November 20,1981, the petitioner, his attorney and the administrator of the commission signed an agreed statement of facts, as provided by subdivision 5 of section 44 of the Judiciary Law, waiving the right to a hearing and stipulating that the determination be made by the commission o.n the facts as agreed upon.
The first letter concerned three cases in Judge Sardino’s court: People v Thousand, People v Chichester and People v Turner. On March 20, 1976, Judge Cunningham read an article in the Syracuse Post Standard in which he was quoted as making statements critical of Judge Sardino’s handling of these cases; and later that day, he learned that Judge Sardino was angry at him for signing orders to show cause in these cases. Each of the appeals involved claims that the sentences'were excessive. To calm Judge Sardino and to avoid criticism from him, he wrote a letter to Judge Sardino on March 20, 1976, in which he stated “[t]here is no way I would ever change a sentence that you had imposed. You can do whatever you want to whenever you want to & I’ll agree with you * * * I take the position that you know the case and as sentencing judge you can do whatever you damn well please”.
Ultimately, Judge Cunningham heard the appeals in People v Thousand and People v Turner and affirmed both cases. The appeal in the third case, People v Chichester, was never perfected.
The second letter, which formed the basis for the second charge against Judge Cunningham, concerned the appeal from Judge Sardino’s court in People v Bucktooth. On July 11, 1979, Cunningham learned that Judge Sardino was upset that he had signed an order to show cause in that case. Accordingly, in order to calm Judge Sardino, Cunningham wrote a second letter, in which he stated that “[i]f I catch the appeal, I will affirm, as always, on a judge’s discretion.” Later, Cunningham heard the appeal and reversed the determination of Judge Sardino in an opinion *274 which was critical of Judge Sardino’s sentencing determination.
In the agreed stipulation of facts, Judge Cunningham conceded that his conduct constituted a violation of the Rules Governing Judicial Conduct and the Code of Judicial Conduct, insofar as the letters he had sent created the impression that he had prejudged the cases and also created the impression that he had allowed himself to be improperly influenced by Judge Sardino. On the basis of these stipulated facts, the commission determined, by a vote of 7 to 4,- that petitioner should be removed from the Bench.
In reaching this conclusion, the commission determined that petitioner had violated sections 33.1, 33.2, 33.3 (a) (1) and 33.3 (a) (4) of the Rules Governing Judicial Conduct (22 NYCRR 100.1, 100.2, 100.3 [a] [1], 100.3 [a] [4]) and canons 1, 2, 3A (1) and 3A (4) of the Code of Judicial Conduct. The commission felt that petitioner’s conduct had impaired his effectiveness as a Judge.
Petitioner now seeks review pursuant to subdivision 7 of section 44 of the Judiciary Law of the determination of the commission ordering his removal. Subdivision 9 of section 44 of that law, which defines the scope of our review in these matters, provides the Court of Appeals with authority not only to “review the commission’s findings of fact and conclusions of law,” but also to accept or reject the sanction determined by the commission, impose a different sanction, or impose no sanction at all. Under this statutory framework, the court is not restricted to reviewing the proceedings below for errors of law alone but, on the contrary, we are required to review the findings of fact made by the commission. Thus, in essence, there is a determination de novo (see Spector v State Comm. on Judicial Conduct, 47 NY2d 462).
Upon examination of the record in this proceeding, we conclude that Judge Cunningham’s actions were, indeed, improper. To be sure, a Judge must view matters before him on their merits alone, without regard to public or professional disapproval. Moreover, a Judge must also avoid creating the appearance that he would decide a *275 matter before him in any other manner. Thus, regardless of whether Judge Cunningham was influenced by his concern about Judge Sardino’s criticism, his letters, as he concedes, constituted judicial misconduct because they gave the appearance of impropriety.
Although it is evident that Judge Cunningham acted improperly in sending the two letters to Judge Sardino, we do not believe that the record supports the conclusion that Judge Cunningham actually abrogated his appellate duty to review matters before him on the basis of their merits alone. His reversal of Judge Sardino’s decision in People v Bucktooth indicates that he continued to review cases dispassionately, and that his misconduct was rooted not in the actual prejudgment of cases but in the creation of the appearance that he might be prejudging certain matters.
Under the circumstances, we cannot agree with the conclusion of the commission that Judge Cunningham’s misconduct warrants the imposition of the sanction of removal. Removal is an extreme sanction and should be imposed only in the event of truly egregious circumstances (Matter of Steinberg, 51 NY2d 74, 83). Indeed, we have indicated that removal should not be ordered for conduct that amounts simply to poor judgment, or even extremely poor judgment (Matter of Shilling, 51 NY2d 397, 403, citing Matter of Steinberg, supra, at p 81). Under the circumstances of this case, we believe that censure is the appropriate sanction.
We find support for our conclusions in the interplay of several factors. First, although petitioner may have given the appearance to Judge Sardino that he would affirm all sentencing determinations, his reversal in Bucktooth indicates that he did not abrogate his appellate responsibility to review matters on their merits alone. Second, these letters were meant only for Judge Sardino’s eyes and were not to be nor were they disseminated publicly. This, of course, does not excuse the improper conduct, but to the extent that Judge Cunningham’s misconduct consisted of creating the appearance of impropriety, it is of some moment that the possible perception of this improper conduct was limited to the eyes of one person only. That it later *276 came to public attention resulted from certain bizarre circumstances which could not have been anticipated, the responsibility for which cannot be attributed to Judge Cunningham.
In conclusion, we stress our belief that Judge Cunningham’s behavior amounted to misconduct. Nevertheless, after a careful review of the facts and circumstances in this case, we believe that petitioner should be censured for his conduct rather than removed from office.
Accordingly, the determined sanction should be rejected, without costs, and the sanction of censure imposed.