OPINION OF THE COURT
Per Curiam.
Petitioner, a Judge of the Civil Court of the City of New York, is charged with violating the Rules of Judicial Conduct. The charges are based upon petitioner’s promise to a former political leader that he would adjourn a pending case at the leader’s request (charge I) and his false statements to agents of the Federal Bureau of Investigation (charge II). The Commission on Judicial Conduct sustained the charges and determined that petitioner should be removed from office. After reviewing the record, we agree that the determination is supported by the evidence and that the sanction of removal is warranted.
The matter was submitted on an agreed statement of facts pursuant to section 44 (5) of the Judiciary Law and petitioner stipulated that the Commission would make its determination based on the pleadings and the agreed facts. The statement established that in December 1985 the Public Administrator of Kings County advised petitioner that Meade Esposito, former chairman of the Executive Committee of the Kings County Democratic Party, desired to speak with him. Petitioner then contacted Esposito and the two men set up a *296 breakfast meeting for December 3, 1985. At the meeting, Esposito informed petitioner that a close friend was a defendant in a commercial holdover proceeding that was before the petitioner (2121 Emmons Ave. Corp. v Randazzo Clam Bar). Esposito told petitioner that his friend was in the process of constructing new premises for her restaurant, Randazzo’s Clam Bar, and needed an adjournment of approximately three months to allow completion of construction and relocation. Petitioner, who was aware at the time of this meeting that he had previously presided over the case and that it was to come before him again, told Esposito that he would grant the adjournment as requested. As the two men were about to part, petitioner kissed Esposito on the forehead.
Later that same day, petitioner presided over the matter and adjourned it until December 17, 1985, pursuant to the requests of counsel for both parties. In the subsequent three months, petitioner presided over the case and granted three more adjournments, even after he was assigned to Criminal Court. At no time during the course of the proceedings did petitioner inform the attorneys in the proceeding of his meeting with Esposito.
The agreed statement of facts also establishes that on June 2, 1986, two FBI agents visited petitioner and asked him if he had met with Esposito on December 3, 1985 and, if so, whether the Randazzo Clam Bar case was discussed at the meeting. In the statement, petitioner agreed that he "lied when he told the FBI agents that he did not recall the subject of his conversation with Mr. Esposito and that he did not discuss the Randazzo Clam Bar case.” In fact, the statement reflects that he recalled the conversation at the time of the FBI interview but he "lied to protect Mr. Esposito.”
The Commission voted unanimously to sustain the charges against petitioner and determined that he should be removed from judicial office. In seeking review by this court, petitioner concedes that his conduct was improper, but argues that the extreme sanction of removal is unwarranted.
The record indicates that petitioner agreed to adjourn the Randazzo Clam Bar case pursuant to Esposito’s request. Petitioner admits that the promise, standing alone, was "wrong”. However, he argues that he anticipated the parties would consent to the adjournments and that he did nothing to keep his promise or interfere with the disposition of the Randazzo Clam Bar case. These highly speculative contentions are *297 irrelevant in judging petitioner’s completed act of misconduct. In agreeing to adjourn the case, petitioner conveyed the impression that the former political leader was in a special position to influence his decision making, contrary to the provisions of section 100.2 (c) of the Rules Governing Judicial Conduct (22 NYCRR 100.2 [c]). Moreover, petitioner had the duty to uphold the independence and integrity of the judiciary by not engaging in ex parte communications concerning a pending matter (see, Code of Judicial Conduct Canons 1, 3 [A] [4]; 22 NYCRR 100.1, 100.3 [a] [4]). Instead, by his conduct petitioner conveyed the impression in an ex parte communication that his rulings would not be based on merit but on his allegiance and loyalty to the former political leader (see, Matter of Cunningham, 57 NY2d 270, 274-275; Code of Judicial Conduct Canon 2). Petitioner then proceeded to exacerbate his misconduct by lying to the FBI agents when questioned about the meeting with Mr. Esposito.
Such conduct jeopardizes the public confidence in the integrity and impartiality of the judiciary, indispensable to the administration of justice in our society, and warrants removal from office (see, Matter of Cohen, 74 NY2d 272, 278).
Accordingly, the determined sanction of removal should be accepted, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Irving W. Levine removed from the office of Judge of the Civil Court of the City of New York, Kings County.