■ URBACH, KAHN & WERLIN, P. C., Respondent, v 250/ PAS ASSOCIATES et al., Appellants.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered July 17, 1990, which, *inter alia,* denied defendants' motion for summary judgment dismissing the second, third and fourth causes of action in the plaintiff's verified complaint, unanimously modified, on the law, to the extent of granting the motion for summary judgment dismissing the fourth cause of action against defendant Scott Pudalov individually, and otherwise affirmed, without costs.

In offering to lease the entire floor of an office building, the defendant real estate partnership and its broker made numerous representations to the general public, and to the plaintiff in particular, that the premises had 10,000 "rentable square feet" of space, when in fact the premises measured less than 9,000 square feet. Defendants, in support of their motion for summary judgment on the plaintiff's fraud claims, contend that the phrase "rentable square feet" is commonly understood within the commercial real estate rental industry to have an esoteric and amorphous meaning that is completely inconsistent with the plain meaning of the words. Its only proof in this regard is a single newspaper article not directly on point and the self-serving testimony of its witnesses, all but one of whom is an interested party. The phrase is not defined in the lease *(cf., Penney Co. v 1700 Broadway Co.,* 104 Misc 2d 787), defendants' interpretation of the phrase is not supported by a wealth of objective expert evidence *(cf., Augsbury v Adams,* 135 AD2d 941), and the meaning is disputed by the plaintiff's principals, who are conceded to be sophisticated financial professionals. Accordingly, the IAS court properly

found triable issues of fact. For these same reasons, summary judgment was properly denied with respect to plaintiff's claim for reformation.

We agree with the defendants, however, that the cause of action against the individual defendant, who was an employee of the brokerage, should be dismissed. There is nothing in the record that raises a triable dispute of this individual defendant's assertion that he acted at all times within the scope of his employment *(see, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913).

We have considered the remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ross, Asch and Smith, JJ.