■ Thomas R. Moore, Appellant, v Martin Kopel et al., Respondents. [653 NYS2d 927] —Order of the Supreme Court, New York County (Norman Ryp, J.), entered May 22, 1996, which, *inter alia*, denied plaintiff's motion for partial summary judgment as to liability and dismissal of defendants' first and second counterclaims, unanimously reversed, on the law, without costs, the motion granted, and the matter remanded to Supreme Court for assessment of damages.

Defendant Martin Kopel, D.V.M., purchased the veterinary practice of Pasquale Campanile, D.V.M., for whom he had worked for the previous six years. Finding the income from the practice less than sufficient to meet the $20,000 monthly payments to Dr. Campanile, defendant engaged the services of plaintiff Thomas R. Moore, Esq., to seek a reduction in the purchase price, and in certain tax liabilities, in exchange for a contingent fee of one third of whatever reductions were obtained. Plaintiff was successful in obtaining certain reductions in defendant's liabilities and billed defendant for his services. Upon defendant's failure to remit payment, plaintiff brought this action to recover legal fees.

Defendant argues that plaintiff failed to perform a condition precedent to collection of his fee pursuant to the parties' written agreement. He further maintains that the agreement presents certain issues of fact with respect to the reasonableness of the fee.

Insofar as pertinent, the agreement states:

"Whereas Kopel has engaged Moore to seek to reduce payments from Kopel to Pasquale Campanile, P. C. ('Campanile') and to Federal, State and local tax authorities ('T.A.') and otherwise reduce Kopel's liabilities and debt, and increase Kopel's assets and income,

"Now, therefore, Kopel agrees to pay Moore one-third of any said savings achieved through Moore's efforts in reducing Kopel's payments to Campanile and T.A. and in increasing Kopel's assets and income through refunds or rebates from Campanile and T.A., such payments to be made to Moore by Kopel when such reduced payments are made by Kopel and such refunds or rebates are received by Kopel."

Defendant contends that the recitation in the agreement that plaintiff has been engaged, *inter alia*, to "increase Kopel's as-

sets and income" constitutes a condition precedent. He concludes that plaintiff's failure to demonstrate that there has been an increase in the assets and income of the veterinary practice therefore precludes summary judgment in his favor.

We do not agree. The agreement does not employ express language of condition (*see, e.g., Charles Hyman, Inc. v Olsen Indus.*, 227 AD2d 270 [joint venture agreement]; *Lindenbaum v Royco Prop. Corp.*, 165 AD2d 254 [mortgage contingency clause]), nor has defendant demonstrated that the parties, by the language employed, implicitly agreed that an increase in the assets and income of the practice would be a prerequisite to payment (*cf., World Point Trading PTE v Credito Italiano*, 225 AD2d 153, 160; Calamari and Perillo, Contracts § 141, at 229-230). While performance of work under a contract is a constructive condition to payment (Calamari and Perillo, Contracts § 156, at 244), it is subject to the general rule that payment is due when the promisee has substantially performed his obligations under the agreement (Calamari and Perillo, Contracts § 157 [b], at 248). Moreover, it is clear that the basis of compensation, stated in the "Now" clause, is "reducing Kopel's payments" and "increasing Kopel's assets and income *through refunds or rebates*" (emphasis supplied). Therefore, the recitation to "increase Kopel's assets and income" is not a condition precedent. It is not an express condition. It is not even a constructive condition. It is merely one of the objectives of the contract, as recited in the "Whereas" clause of the agreement.

Equally without merit is defendant's contention that "this dispute finds its roots in the ambiguous language of the Agreement drafted by Plaintiff-Appellant." First, it contradicts his assertion (in the cross-statement of facts) that "the express language of the Retainer Agreement is clear in that there are two essential prerequisites." Second, a contract is not rendered ambiguous just because one of the parties attaches a different, subjective meaning to one of its terms (*Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 193, citing *Federal Deposit Ins. Corp. v Herald Sq. Fabrics Corp.*, 81 AD2d 168, 180, *lv dismissed* 55 NY2d 602). Read as a whole, the agreement is clear—both as to what service is to be rendered by plaintiff and the method by which his fee is to be calculated—and extrinsic evidence is inadmissible for the purpose of creating an ambiguity (*W.W.W. Assocs. v Giancontieri*, 77 NY2d 157, 162-163). The meaning defendant seeks to ascribe to the contract would require engrafting a condition to payment, in contravention of the bar against the admission of parol evi-

dence to add to the terms of the instrument (*Unisys Corp. v Hercules Inc.*, 224 AD2d 365, 369, *lv granted* 88 NY2d 815; *Ruttenberg v Davidge Data Sys. Corp.*, *supra*, at 197). Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.