OPINION
 
 OF
 
 THE COURT
 

 Per Curiam.
 

 Disciplinary charges against petitioner, for nearly 40 years a Justice of the Columbia Town Court in Herkimer County, arose out of his handling of two criminal matters, both in late 1994. The first involved a social acquaintance who had been accused of sexual abuse for reaching into the car window of his newspaper delivery person and touching her breast. Departing from his customary procedure, petitioner set an arraignment date without informing the Herkimer County District Attorney. At a hearing, without the prosecutor or complainant present, petitioner heard testimony from the accused and his wife and then summarily dismissed the case.
 

 The second matter involved an 18 year old who had allegedly passed a bad check. When defendant appeared before him, petitioner asked if he intended to "make good” on the check and defendant answered in the affirmative. Without apprising him of the right to assigned counsel, petitioner told him that he would have two weeks to pay the debt and resulting fines, totaling $335. When defendant returned with all but $50 of the judgment, petitioner responded that he would not accept installment payments and sentenced him to 30 days in jail. Defendant’s mother later paid the remaining $50 and he was released.
 

 The Commission on Judicial Conduct found that petitioner had granted special consideration in the first matter and had disregarded his obligation to inform defendant of his right to assigned counsel in the second. In addition, the Commission noted that petitioner had made "disingenuous and evasive” statements regarding both matters. Based on its findings, the
 
 *144
 
 Commission sustained the two charges against petitioner and determined that he should be removed from office. One member dissented as to sanction only. He agreed that the charges against petitioner were serious, but because they were only two improper episodes in an otherwise long, unblemished judicial career, censure was more appropriate. Petitioner requested review of the Commission’s determination.
 

 Upon our plenary review, we agree with the Commission that petitioner’s behavior in both charged instances constituted serious misconduct deserving sanction: he improperly displayed favoritism, and he ignored his duty to advise a defendant of the right to assigned counsel. Concluding that petitioner committed serious misconduct does not, however, end our inquiry. We also must determine whether the misconduct warranted the extreme sanction of removal
 
 (see, e.g., Matter of Cunningham,
 
 57 NY2d 270, 275;
 
 Matter of Steinberg,
 
 51 NY2d 74, 83). Removal is excessive where the misconduct amounts solely to poor judgment, even extremely poor judgment
 
 (see, e.g., Matter of Kiley,
 
 74 NY2d 364, 369-370;
 
 Matter of Shilling,
 
 51 NY2d 397, 403).
 

 Several factors here suggest that the sanction of removal is unduly severe. First, petitioner, now in his seventies, has for nearly four decades been the elected choice of the voters to hold the office of Town Justice, with no evidence of any prior complaints regarding his judicial service
 
 (see, Matter of Edwards, 67
 
 NY2d 153, 155 [where Town Justice’s 21-year tenure marked by single incident of ticket-fixing, censure rather than removal imposed];
 
 cf., Matter of Sardino v State Commn. on Judicial Conduct,
 
 58 NY2d 286, 289-292 [Judge removed for failing to inform defendants of rights in 62 documented cases]). Second, there is no indication that petitioner was motivated by personal profit, vindictiveness or ill will
 
 (see, Matter of Lonschein,
 
 50 NY2d 569, 573 [determined sanction excessive given absence of venal or malevolent purpose]). Finally, we note that the discrepancies in petitioner’s testimony before the Commission did not necessarily reflect dishonesty or evasiveness
 
 (see, Matter of Kiley,
 
 74 NY2d at 370-371,
 
 supra
 
 [refusing to accept Commission’s finding of lack of candor while emphasizing that its use as an aggravating element "should be approached cautiously”]). Thus, we conclude that the two isolated incidents should under the circumstances result in censure rather than removal from office
 
 (see, by contrast, Matter of Roberts,
 
 91 NY2d 93 [decided today]).
 

 Accordingly, the determined sanction should be rejected, without costs, and the sanction of censure imposed.
 

 
 *145
 
 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur in Per Curiam opinion. Determined sanction rejected, etc.