OPINION OF THE COURT
 

 Per Curiam.
 

 The State Commission on Judicial Conduct determined that Donald R. Roberts should be removed as Justice of the Malone Village Court in Franklin County, an elected office he has held since 1993. The Justice seeks this Court’s review of the Commission’s determination of misconduct findings, with a removal sanction.
 

 
 *95
 
 We are satisfied, upon our plenary review of the record and circumstances, that the charges stemming from various conduct in 1994 are sustained by the evidence. Moreover, they qualify in the aggregate to the level and quality of egregiousness that merit the ultimate discipline of removal, with its prescribed ban from holding future judicial office (NY Const, art VI, § 22 [d], [h]; Judiciary Law § 44).
 

 Five specifications of judicial misconduct were preferred by the Commission. Four charges were sustained by the Hearing Officer and the Commission. Notably, its vote was divided in a number of respects, and 3 of 11 members were not present and did not participate in the determination.
 

 Evidence in the record supports the findings on the four charges. The Justice’s arguments concerning the quantum of proof, credibility, motivational and weight features affecting the testimony of various witnesses, including Judge Roberts, are unavailing. In addition, the gravity of the judicial misdeeds reflects a demonstrable lack of fitness for judicial office, measured under governing standards and prevailing precedents
 
 (see, Matter of Kiley,
 
 74 NY2d 364;
 
 Matter of Reeves,
 
 63 NY2d 105).
 

 We turn first to charge number four. The Justice is proved to have committed a most serious abuse of judicial authority, when considered within the wide range of potent powers of any judicial officer
 
 (see, Matter of Sardino v State Commn. on Judicial Conduct,
 
 58 NY2d 286, 291-292). He directed the arrest and summarily ordered an individual to 89 days in jail, without affording even the most minimal, ordinary and fundamental constitutional and procedural safeguards
 
 (see, e.g.,
 
 CPL 170.10 [4] [a]).
 

 His egregious overreaction grew out of a minuscule matter. The underlying criminal charge to which the affected person had pleaded guilty before the Justice was a $1.50 cab fare— theft of services. The conditional discharge sentence he had imposed on her carried a restitution requirement that was satisfied — she paid the $1.50 to the cab company. The sentence also resulted in a statutorily mandated surcharge of $90. The defendant could not afford to pay the surcharge, so an arrangement was agreed upon for her to pay it over time starting with weekly $20 installments. It was to be paid out of her social services benefits. On the first due date, she came up with only $5 and paid that to the Court Clerk. When the Justice learned of this shortfall, he ordered her arrest. She came to court volun
 
 *96
 
 tarily, upon being informed, of this development. Without advising her of any rights, including counsel, the Justice harangued her and then sentenced her to 89 days in jail unless and until the surcharge balance of $85 was paid to "make an example” of her. She was jailed until eventually a friend came, paid the money and arranged for her release. The Justice, a retired State Trooper, treated this matter as though it were a personal affront to him and "his local system of justice,” with flagrant disregard to the judicial function and neutral Magistrate responsibility.
 

 Charge number one further demonstrates a gross insensitivity and an applied dereliction of duty in regard to judicial responsibilities in the area of domestic abuse crimes and related matters. Specific utterances coupled with particularly relevant judicial indifference, sufficiently support the seriousness of this proven charge as a compounding factor in assessing the sanction for this case. To have attributed to him callous comments (e.g., "every woman needs a good pounding every now and then”), to reflect an attitude or predisposition that orders of protection are worthless and foolish, and to fail to issue an appropriate protective order in the particular circumstances and matter, are appropriately weighed together and in context for the sanction review in this case.
 

 These latter two charges are not actions of simple legal error, expressions of incidental carelessness, or indifference on or off the Bench. While the words and actions or inactions, in other circumstances, might fail to rise to the level of sanction-able and removable misconduct, the record here shows particularity and allows the inference of a mind-set of the most serious kinds of default in how Judges should conduct themselves and fulfill their judicial mission.
 

 Charges two and three are also sufficiently proven and disclose additional serious manifestations of lapses in judicial demeanor and temperament. In this connection, we note particularly the serious failure to inform a litigant of a potential basis for recusal (see,
 
 Matter of Murphy,
 
 82 NY2d 491, 495-496;
 
 Matter of Fabrizio,
 
 65 NY2d 275, 276-277), which evokes an impermissible appearance of impropriety (see, 22 NYCRR 100.2, 100.3).
 

 Together with charges one and four, these additional charges paint a picture of an individual who is unable to appreciate the unique judicial role, does not measure or control his conduct, and dispositionally or predispositionally disregards
 
 *97
 
 protocols and procedures. These standards of judicial conduct exist to maintain respect toward everyone who appears in a court and to encourage respect for the operation of the judicial process at all levels of the system.
 

 In sum, this Court finds no justification to reject the findings underlying the proven misconduct on all four charges. To be sure, precedents and fact patterns can vary as they bear on the level of discipline to be meted out for judicial misconduct. Ultimately, however, these cases are essentially institutional and collective judgment calls based on assessment of their individual facts, in relation to prevailing standards of judicial behavior and the prospect of future misconduct and continued judicial service
 
 (contrast, Matter of
 
 Skinner, 91 NY2d 142 [decided today] [level and nature of seriousness of proven charges and mitigating features of length of service and clean record]).
 

 Taking all these factors and the entire record into consideration, we are satisfied that this Court should accept the determined sanction reached by the Commission — removal from judicial office (NY Const, art VI, § 22 [d], [h];
 
 Matter of Fabrizio,
 
 65 NY2d 275, 277,
 
 supra).
 
 We have considered all the points raised and conclude that they present no basis for a different conclusion from or mitigation of the determined sanction.
 

 Accordingly, the determined sanction should be accepted, without costs, and Honorable Donald R. Roberts removed from the office of Justice of the Malone Village Court, Franklin County.
 

 Chief Judge Kaye and Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur in Per Curiam opinion.
 

 Determined sanction accepted, etc.