■ EDDA DUNHAM, Respondent-Appellant, v ALAN B. WEISSMAN, Appellant-Respondent and Third-Party Plaintiff-Appellant-Respondent, et al., Defendant. TOA CONSTRUCTION Co., INC., et al., Third-Party Defendants-Respondents-Appellants. (And a Fourth-Party Action.) [675 NYS2d 602] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 8, 1997, which granted plaintiff's motion for summary judgment against defendant Weissman, and denied defendant Weissman's cross-motion for summary judgment on his third-party complaint against the present landlord, and judgment, same court and Justice, entered thereon on July 9, 1997, awarding plaintiff the principal sum of $95,000 against defendant Weissman, unanimously modified, on the law, to the extent of remanding the matter to the Supreme Court on the issue of whether plaintiff is entitled to greater damages, and otherwise affirmed, without costs.

Plaintiff was a tenant against whom the Weissmans com-

menced a holdover proceeding. This proceeding was settled by a stipulation in which the tenant accepted a sum of $10,000 in return for surrendering possession of the apartment in the building. In the stipulation, defendant Weissman agreed to pay a sum equal to the amount received by any other tenants to the extent it was over $10,000 for surrender of possession. Thereafter, defendants sold the building to third-party defendants Toa Construction Co., Inc. and individual defendant Yamagata (known collectively as Toa). The contract of sale allocated responsibility between seller and buyer with respect to litigation involving the building being sold. Thus, seller assumed liability for all actions and counterclaims where the actions arose prior to the closing of title and purchaser assumed liability for actions arising subsequent to the closing of title. After the sale, other tenants in plaintiff's former building were successful in litigation over the right to possession. The current owners settled with one of them (Torres) by paying him $105,000 in consideration for the surrender of his apartment. Thereafter, Toa settled with the last remaining four tenants-petitioners in the same litigation with the payment for each apartment surrender amounting to $163,750. However, unlike the former Torres stipulation, these payments were structured to pay $25,000 in consideration for the surrender of possession of the respective apartments and $138,750 in consideration for incidental damages suffered by each tenant.

Plaintiff then brought this action seeking to recover the excess amount paid to individual tenants above the $10,000 paid to plaintiff in her stipulation. Defendant Weissman commenced the third-party action against Toa seeking to enforce its alleged duty to defend and indemnify under the contract of sale. The Supreme Court granted plaintiff summary judgment for $95,000, reasoning that she was entitled to the difference between the $10,000 she had received and the additional $105,000 paid to tenant Torres. The court denied defendant Weissman summary judgment on his claim for indemnification against Toa.

The court correctly concluded that as between plaintiff and defendant Weissman, plaintiff was entitled to payment under the stipulation. Since the stipulation was clear and unambiguous, the parol evidence submitted by defendant and his attorneys as to the parties' intent was immaterial (*see, Moore v Kopel*, 237 AD2d 124). Further, contrary to defendant's contention, enforcing the contingent payment obligation would not impermissibly result in an obligation extending into perpetuity since "the courts will imply that [the parties] intended perfor-

mance to continue for a reasonable time" (*Haines v City of New York*, 41 NY2d 769, 772).

The court also properly denied defendant's motion for summary judgment on the indemnification cause of action against third-party defendants. There was an issue of fact raised whether the contract of sale included plaintiff's claim, which was a contingent liability within the obligations of purchaser. In addition, an issue was raised in the opposing papers as to whether defendant intentionally misled the purchaser by failing to disclose the contingent claim which, of course, was a liability, even though contingent.

However, the Supreme Court incorrectly decided as a matter of law to award plaintiff the additional sum based upon the Torres settlement and not upon the $163,750 settlement. Plaintiff raised an issue of fact by the assertion that the whole amount was for surrender of possession since tort recoveries for personal injury are not taxable. That plaintiff's contention is not mere suspicion or surmise is shown by the terms of the payments to each of the last four tenants where, if the right to surrender was accomplished by vacatur of an order, each would be paid $163,750. However, if the order were not vacated, the tenants would receive *nothing* at all. Thus, a real issue was raised as to whether the allocation for tort damages under the latter stipulations was a "tax gimmick," and we remand for further proceedings upon the issue of damages. Concur—Milonas, J. P., Nardelli, Wallach and Andrias, JJ.