■ B & R CHILDREN'S OVERALLS CO., Appellant, v NEW YORK JOB DEVELOPMENT AUTHORITY, Respondent. [683 NYS2d 45] —Judgment, Supreme Court, New York County (Charles Ramos, J.), entered December 29, 1997, dismissing the complaint and bringing up for review an order, same court and Justice, entered October 7, 1997, which granted defendant's cross motion for summary judgment and denied as moot plaintiff's motion for class certification, unanimously affirmed, with costs. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed within the appeal from

the ensuing judgment. Order, same court and Justice, entered March 25, 1998, which, to the extent appealable, denied plaintiff's motion for renewal and recusal, unanimously affirmed, with costs.

We agree with the motion court's reasonable interpretation, as a matter of law, of the term "effective cost of funds" in the loan documents, and find that, plaintiff's claimed subjective understanding of the term notwithstanding (*see, Mt. Vernon Fire Ins. Co. v Creative Hous.*, 88 NY2d 347, 352; *Moore v Kopel*, 237 AD2d 124, 125), there was no ambiguity warranting resort to either extrinsic evidence (*see, Ronnen v Ajax Elec. Motor Corp.*, 88 NY2d 582, 588; *Matter of Wallace v 600 Partners Co.*, 86 NY2d 543, 548), or to the rule construing documents against the drafter (*cf., e.g., Matter of Cowen & Co. v Anderson*, 76 NY2d 318, 323). Loss engendered by defaulting borrowers is a readily perceivable risk for any lender, which defendant was entitled to consider in calculating the interest rate charged to plaintiff. As to the calculation of interest, we note also that the business records, relied upon by defendant's controller in averring that plaintiff had been charged an interest rate permitted under the loan documents, were sufficiently reliable to qualify as hearsay exceptions (*see, Pencom Sys. v Shapiro*, 237 AD2d 144), and nowhere did plaintiff raise any issue of fact suggesting that a different rate had been charged.

Since the motion court properly interpreted the documents on the basis of their four corners, whether plaintiff should have been aware of a particularized trade usage is irrelevant (*cf., Matter of Reuters Ltd. v Dow Jones Telerate*, 231 AD2d 337, 343-344). Inasmuch as defendant's interpretation was not understood in the industry as having an esoteric meaning inconsistent with the plain meaning of the words in the loan documents, it also was not necessary that such interpretation be supported by a wealth of objective expert evidence (*cf., Urbach, Kahn & Werlin v 250/PAS Assocs.*, 176 AD2d 151). Finally, plaintiff's claimed need for discovery of additional inadmissible extrinsic evidence provided no basis to forestall summary judgment, especially since plaintiff first sought such disclosure long after defendant's cross motion for summary judgment had been made.

Plaintiff's motion for recusal was properly denied. We note, in this regard, that there was no "serious failure to inform plaintiff of a potential basis for recusal" (*Matter of Roberts*, 91 NY2d 93, 96; *see also, Matter of Murphy*, 82 NY2d 491, 495), the motion court Justice's application for appointment to this Court having been a matter of public record. Moreover, the

conclusion is inescapable that plaintiff's application for recusal, made long after such reports had appeared and after plaintiff had received an unfavorable disposition on the initial motions, was interposed for tactical purposes. In any event, in addition to the underlying factual deficiencies of the recusal application, we find its basic premise to be without merit. Concur—Ellerin, J. P., Wallach, Rubin and Saxe, JJ.