OPINION OF THE COURT
 

 Per Curiam.
 

 Petitioner, a Town Justice of the Town of Haverstraw Justice Court and Acting Justice of the West Haverstraw Village Court, Rockland County, brings this proceeding to review a determination of the State Commission on Judicial Conduct. The Commission sustained 9 of the 10 charges against petitioner and determined that he should be removed from office. Pursuant to our plenary review of the record, and upon our evaluation of the Commission’s findings and conclusions, we conclude that charges III through VI and part of charge VIII
 
 *
 
 were
 
 *163
 
 established by evidence in the record and justify removal. These charges derive from petitioner’s conduct over a period of time both on and off the Bench.
 

 The most recent incident occurred at an arraignment on April 17, 1997, where a defendant was charged with violating an order of protection and assaulting his wife. The record contains credible evidence that petitioner, after reading the charges, made a trivializing statement from the Bench, to the effect: “What’s wrong with that? You’ve got to keep them in line once in a while.” Petitioner testified that he could not recall having made the statement, but the record nevertheless contains evidence that following petitioner’s statement, the defense attorney responded by making an equally inappropriate joke that drew laughter and no rebuke from petitioner. The April 17, 1997 arraignment follows an arraignment on April 2, 1997, where a female defendant was charged with sexually abusing a 12-year-old boy. After the arraignment and while in the presence of the court clerk, the bailiff, an intern, and one or more State Troopers, petitioner joked about the nature of the alleged abuse in either the case before him or in a similar case from another jurisdiction. Petitioner’s conduct during these arraignments evinces his outspoken insensitivity concerning charges involving domestic violence and sexual abuse.
 

 An additional charge derives from an arraignment in August 1995 during which petitioner uttered profane and disparaging remarks about a complainant who was a former client of petitioner’s private law practice. Petitioner’s failure to recuse himself from the case compounded the severity of this violation.
 

 Finally, one charge arises out of petitioner’s attempt in December 1993 to cause the police to instigate a criminal complaint against a person for the benefit of a friend find client of petitioner’s private practice. During his conversations with the police chief, petitioner offered to use his influence with the Town Board to reward the chief for instigating the complaint. We conclude that evidence in the record supports the Commission’s finding that petitioner seriously abused his judicial authority.
 

 We conclude that in the course of the events giving rise to the foregoing charges, at a minimum petitioner violated sec
 
 *164
 
 tions 100.1 (requiring a Judge to “participate in establishing, maintaining and enforcing high standards of conduct, and * * * personally observe those standards so that the integrity and independence of the judiciary will be preserved”), 100.2 (requiring a Judge to “avoid impropriety and the appearance of impropriety in all of the judge’s activities”), 100.2 (A) (requiring a Judge to “respect and comply with the law and * * * act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary”), 100.3 (B) (2) (requiring a Judge to “require order and decorum in proceedings before the judge”), 100.3 (B) (3) and its predecessor section 100.3 (a) (3) (renum eíf Jan. 1, 1996) (requiring a Judge to be “patient, dignified and courteous to litigants, jurors, witnesses, lawyers and others with whom the judge deals in an official capacity” and to “require similar conduct of lawyers * * * and others subject to the judge’s direction and control”), 100.3 (B) (4) (prohibiting a Judge from manifesting bias or prejudice by words or conduct), 100.3 (B) (5) (requiring a Judge to prohibit lawyers from manifesting bias or prejudice by words or conduct in proceedings before the Judge), and 100.3 (c) (1) (currently section 100.3 [E] [1]) (requiring Judges to disqualify themselves in proceedings in which their “impartiality might reasonably be questioned”) of the Rules Governing Judicial Conduct (22 NYCRR) and the similar provisions of canons 1, 2, 2 (A); 3 (A) (2); 3 (A) (3); and 3 (C) (1) of the Code of Judicial Conduct.
 

 In all, petitioner’s misconduct both on and off the Bench demonstrates a pattern of serious disregard for the standards of judicial conduct, which “exist to maintain respect toward everyone who appears in a court and to encourage respect for the operation of the judicial process at all levels of the system”
 
 (Matter of Roberts,
 
 91 NY2d 93, 97). Further, we are satisfied that this Co’urt should accept the Commission’s determined sanction of removal (NY Const, art VI, § 22 [d], [h]; Judiciary Law § 44 [1], [9]).
 

 Accordingly, the determined sanction should be accepted, without costs, and petitioner removed from the offices of Town Justice of the Town of Haverstraw Justice Court and Acting Village Justice of the West Haverstraw Village Court.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick, Wesley and Rosenblatt concur in Per Curiam opinion.
 

 Determined sanction accepted, without costs, and Ralph T.
 
 *165
 
 Romano removed from the offices of Justice of the Haverstraw Town Court and Acting Justice of the Village Court of West Haverstraw, Rockland County.
 

 *
 

 Insolar as it charges that petitioner made numerous statements to various individuals indicating his bias against domestic abuse victims and in
 
 *163
 
 favor of the alleged abusers, charge VIII is established by evidence in the record.