■ BAJRAKTARI MANAGEMENT CORP. et al., Appellants, v AMERICAN INTERNATIONAL GROUP, INC., et al., Defendants, and AMERICAN INTERNATIONAL SPECIALITY LINES INSURANCE COMPANY, Respondent. [916 NYS2d 771]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered October 9, 2009, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The insurance policy clearly and unambiguously defines "Continuity Date" as December 29, 2004. The motion court correctly declined to consider parol evidence to ascertain the parties' intention as to that date (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). "[A] contract is not rendered ambiguous just because one of the parties attaches a different, subjective meaning to one of its terms" (Moore v Kopel, 237 AD2d 124, 125 [1997]).

Plaintiffs' remaining arguments based upon their contention that the policy is ambiguous are unavailing. Their argument that the policy should be construed in a manner that would be consistent with "the reasonable expectations of a New York City property owner" is also unavailing (see Slayko v Security Mut. Ins. Co., 98 NY2d 289, 296-297 [2002]). Concur—Saxe, J.P., Friedman, Catterson, Acosta and Richter, JJ.