| People v Trump |
| :---: |
| 2024 NY Slip Op 32573(U) |
| July 25, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 452564/2022 |
| Judge: Arthur F. Engoron |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARTHUR F. ENGORON                      PART              37

_Justice_

-----------------------------------------------------------------------X

PEOPLE OF THE STATE OF NEW YORK, BY LETITIA
JAMES, ATTORNEY GENERAL OF THE STATE OF NEW
YORK,

| | |
|---|---|
| INDEX NO. | 452564/2022 |
| MOTION DATE | 06/20/2024 |
| MOTION SEQ. NO. | 040 |

Plaintiff,

- v -

DONALD J. TRUMP, DONALD TRUMP JR, ERIC TRUMP,
ALLEN WEISSELBERG, JEFFREY MCCONNEY, THE
DONALD J. TRUMP REVOCABLE TRUST, THE TRUMP
ORGANIZATION, INC., TRUMP ORGANIZATION LLC, DJT
HOLDINGS LLC, DJT HOLDINGS MANAGING MEMBER,
TRUMP ENDEAVOR 12 LLC, 401 NORTH WABASH
VENTURE LLC, TRUMP OLD POST OFFICE LLC, 40
WALL STREET LLC, SEVEN SPRINGS LLC,

**DECISION + ORDER ON
MOTION**

Defendants.

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 040) 1761, 1762, 1763,
1764, 1765, 1766, 1767, 1768, 1784

were read on this motion to                              RECUSE                              .

Upon the foregoing documents, it is hereby ordered that defendants' motion for the Court to
recuse itself is denied.

Background

This action, familiarity with which the Court assumes, arises out of a years-long investigation
that plaintiff, the Office of the Attorney General of the State of New York ("OAG"), conducted
into certain business practices that defendants engaged in from 2011 through 2021. OAG
alleged that the individual and entity defendants committed repeated and persistent fraud by
preparing, certifying, and submitting to lenders and insurers false and misleading financial
statements, thereby violating New York Executive Law § 63(12).

In a Decision and Order dated September 26, 2023, this Court granted plaintiff summary
judgment only on liability and only on the first cause of action. NYSCEF Doc. No. 1531.

On February 16, 2024, following a three-month trial, this Court issued a Decision and Order
After Non-Jury Trial finding defendants liable on the remaining six causes of action. NYSCEF
Doc. No. 1688. The Court ordered certain injunctive relief, including the continuation of the

452564/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY                Page 1 of 8
GENERAL OF THE STATE OF NEW YORK vs. TRUMP, DONALD J. ET AL
Motion No. 040

1 of 8

Hon. Barbara Jones (ret.) as an Independent Monitor of the Trump Organization, which obligates the Court to maintain jurisdiction over this action despite the trial's conclusion.

On May 8, 2024, NBC New York reported that Adam Leitman Bailey, Esq., a lawyer with no connection to this case, boasted that several weeks before I issued the Decision and Order After Non-Jury Trial, he "approached the judge presiding over Donald Trump's civil fraud case to offer unsolicited advice about the law at issue in the case." NYSCEF Doc. No. 1764.

On July 11, 2024, this Court so-ordered, in part, defendants' subpoena to Bailey, directing him to disclose any documents or communications in his possession that involve, discuss, or in any way refer to this action. NYSCEF Doc. No. 1791.

Defendants now move, pursuant to 22 New York Administrative Code § 100.3(E)(1), for me to recuse myself, or, in the alternative, for an evidentiary hearing before another justice on the communications and their potential impact on the Court's decision.

The Unsolicited Ex-Parte Communication

Sometime in or about February of this year, several weeks before I issued the Post-Trial Decision and Order, at the end of the business day, I left my robing room in the courthouse at 60 Centre Street and rode an elevator down to the main floor. There, on the outskirts of the famous rotunda, Bailey accosted and started haranguing me about Executive Law § 63(12). He did not relay any alleged facts.[1]

Prior to that time, I considered Bailey a professional acquaintance and a distant friend. His sudden appearance and vehement speech took me aback, and I simply told him that he was wrong. He trailed after me, still droning on, as I descended the Judge's stairs to the street level. I entered my vehicle without saying another word (except, perhaps, "goodbye") and departed.

For approximately three and a half years prior to this unpleasant occurrence, starting in September 2020, I had researched § 63(12) intensely and had issued many rulings, including preliminary injunction and summary judgment decisions, based on it. I certainly did not need a landlord-tenant lawyer ranting about it. I did not initiate, welcome, encourage, engage in, or learn from, much less enjoy, Bailey's tirade. I did not base any part of any of my rulings on it, as Bailey has outlandishly, mistakenly, and defamatorily claimed. The entire 90-second incident, after three and a half years of studying and being immersed in § 63(12), was, to use the vernacular, a "nothingburger." I would have forgotten all about it by now had Bailey not attempted to burnish his reputation as someone who could influence judges (which would be unethical, and possibly illegal, but of which Bailey nonetheless publicly boasts).

Due to extensive news coverage of the subject trial, passersby often recognize and confront me on the street, at parties, in parks, in restaurants, and on public transportation. Sometimes their

---

[1] Of course, the irony here is that defendants, whose position Bailey was ostensibly promoting, is moving for me to recuse myself, and plaintiff, whose position Bailey was ostensibly controverting, opposes the motion. This suggests that defendants are not motivated by ethical concerns but, rather, seek an opportunity to reverse the trajectory and outcome of this case.

452564/2022 PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. TRUMP, DONALD J. ET AL
Motion No. 040

Page 2 of 8

2 of 8

[* 2]

unsolicited words are complimentary. Sometimes they are derogatory. Never do they affect my rulings. As with my forced encounter with Bailey, I feel no need to report these fleeting incidents.

Defendants purport to rely on the rule that a judge may consult an expert only under certain conditions. I did not consult Bailey, and I certainly do not consider him an expert on Executive Law § 63(12).

Applicable Law

In Lipin v Danske Bank, the Hon. Anil Singh outlined the applicable law for recusal:

> In New York, recusal is mandatory when a judge has violated Judiciary Law § 14, which "requires a judge to disqualify himself/herself from a case where he/she: is a party; has been the attorney or counsel; has an interest; is related by consanguinity or affinity to the controversy within the sixth degree." *Sorrenti v. City of New York*, 17 Misc. 3d 1102(A) (1st Dept 2007). "Unless disqualification is required under Judiciary Law § 14, a judge's decision on a recusal motion is one of discretion." *People v. Glynn*, 21 N.Y.3d 614, 618 (2013) (citing *People v. Moreno*, 70 N.Y.2d 403, 405 (1987)). Alternatively, the United States Supreme Court uses "an objective standard that requires recusal when the likelihood of bias on the part of the judge 'is too high to be constitutionally tolerable.'" *Williams*, 136 S. Ct. at 1903. "The Court asks not whether a judge harbors an actual, subjective bias, but instead whether, as an objective matter, "the average judge in his position is 'likely' to be neutral, or whether there is an unconstitutional 'potential for bias.'" *Id.* at 1905.

2016 WL 4490620 at 1 (Sup Ct, NY County 2016).

The mandatory grounds for recusal, which Judiciary Law § 14 refers to broadly, are listed with specificity in 22 New York Administrative Code § 100.3(E)(1), upon which defendants move, and which states:

> (E) *Disqualification.*
>
> (1) A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>
> (a) (i) the judge has a personal bias or prejudice concerning a party; or (ii) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding;

452564/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK vs. TRUMP, DONALD J. ET AL
Motion No.  040

Page 3 of 8

[* 3]

3 of 8

(b) the judge knows that: (i) the judge served as a lawyer in the matter in controversy; or (ii) a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter; or (iii) the judge has been a material witness concerning it;

(c) the judge knows that he or she, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household has an economic interest in the subject matter in controversy or in a party to the proceeding or has any other interest that could be substantially affected by the proceeding;

(d) the judge knows that the judge or the judge's spouse, or a person known by the judge to be within the sixth degree of relationship to either of them, or the spouse of such a person:
(i) is a party to the proceeding; (ii) is an officer, director or trustee of a party; (iii) has an interest that could be substantially affected by the proceeding;

(e) The judge knows that the judge or the judge's spouse, or a person known by the judge to be within the fourth degree of relationship to either of them, or the spouse of such a person, is acting as a lawyer in the proceeding or is likely to be a material witness in the proceeding. Where the judge knows the relationship to be within the second degree, (i) the judge must disqualify him/herself without the possibility of remittal if such person personally appears in the courtroom during the proceeding or is likely to do so, but (ii) may permit remittal of disqualification provided such person remains permanently absent from the courtroom.

(f) The judge, while a judge or while a candidate for judicial office, has made a pledge or promise of conduct in office that is inconsistent with the impartial performance of the adjudicative duties of the office or has made a public statement not in the judge's adjudicative capacity that commits the judge with respect to: (*i*) an issue in the proceeding; or (*ii*) the parties or controversy in the proceeding.

(g) Notwithstanding the provisions of subparagraphs (c) and (d) of this section, if a judge would be disqualified because of the appearance or discovery, after the matter was assigned to the judge, that the judge individually or as a fiduciary, the judge's spouse, or a minor child residing in his or her household has an economic interest in a party to the proceeding, disqualification is not required if the judge, spouse or minor child, as the case may be, divests himself or herself of the interest that provides the grounds for the disqualification.

452564/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK vs. TRUMP, DONALD J. ET AL
Motion No. 040

Page 4 of 8

4 of 8

The grounds listed in § 100.3(E)(1)(b) through (g) are based upon objective criteria that trigger disqualification; none of those criteria are present here.

However, the grounds listed in § 100.3(E)(1)(a), for recusal based upon alleged bias and prejudice, are "generally a matter of the court's personal conscience and discretion." Chang v SDI Int'l Inc., 15 AD3d 520 (2d Dept 2005); see also Burdick v Shearson Am. Exp., Inc., 160 AD2d 642, 643 (1st Dept 1990) ("Absent one of the statutory bases for disqualification set forth in Judiciary Law § 14, the trial court, in the exercise of its 'personal conscience', is the 'sole arbiter' of a claim that recusal is warranted").

Although defendants do not state upon which subsection of § 100.3(E)(1) they rely, the only subsection that conceivably could be applicable is § 100.3(E)(1)(a), rendering the determination wholly within my discretion, as the sole arbiter of my personal conscience.


Defendants' Arguments

In support of their motion, defendants cite to an array of opinion editorials and blogs (from The Wall Street Journal OpEd, National Review, Newsmax, New York Post, YouTube videos, and The Volokh Conspiracy) critiquing this Court's legal rulings, which defendants collectively use as "evidence" that "this Court's final judgment has certainly imperiled public confidence in the integrity of the New York legal system." NYSCEF Doc. No. 1762 at 7-8. As this Court has already detailed in a prior order denying defendants request for a mistrial, "editorial *opinions* that denounce plaintiff's case… are irrelevant and of no evidentiary value." NYSCEF Doc. No. 1640 at 1.

Further, the cases defendants cite in support of recusal do not advance their cause.

Defendants purport to rely on Matter of George, 22 NY3d 323, 330 (2013), to support their claim that the conduct alleged here is "antithetical to the role of a judge." Doc. No. 1762 at 7. There, the judge presided over a matter in which he had close personal, professional, and financial ties to a party, without disclosing the relationship. As with each case defendants cite on recusal, the facts are wholly distinguishable from these herein.

Defendants also purport to rely on Matter of Levine, 74 NY2d 294, 297 (1989), in which the judge adjourned proceedings in favor of one party, and "by his conduct… conveyed the impression in an ex-parte communication that his rulings would not be based on merit but on his allegiance and loyalty to [a] former political leader." Matter of Levine at 297. Here, the Court based its rulings on the law and the facts, not politics, and nothing in Bailey's ill-advised statements to the media indicate otherwise.

Defendants also cite to Matter of Ayres, 30 NY3d 59, 63 (2017), in which the presiding judge repeatedly initiated ex-parte conversations in an attempt to influence a favorable disposition of his daughter's traffic ticket. I did not initiate the encounter, I did not converse, and neither I nor any of my family members have a personal interest in this case.

**452564/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. TRUMP, DONALD J. ET AL**
**Motion No. 040**

**Page 5 of 8**

5 of 8

In People v Lester, 2002 WL 553844 at 1 (NY Just Ct, Nassau County 2002), the judge received an ex-parte communication at his home from a party to the proceeding.

In Matter of VonerHeide, 72 NY2d 658, 659-60 (1988), the judge routinely sought out and interviewed witnesses outside of court and ruled based on their unsworn communications.

Defendants' reliance on Matter of Fuchsberg, 426 NYS2d 639, 648 (NY Jud Ct 1978), is misplaced, as in that case the judge presided over a matter in which he had an undisclosed financial interest, and in which the Judge consulted with law professor colleagues on at least 12 cases pending before him.

In Matter of Murphy, 82 NY2d 491, 495 (1993), the judge was "careles[s] in handling public moneys" deposited into Court.

Curiously, defendants also purport to rely on cases that denied recusal. People v Moreno, 70 NY2d 403, 407 (1987), held that recusal was not required where a judge purportedly obtained prejudicial information in the court's performance of its responsibilities. Corsini v Corsini held that recusal was not required: "[t]his discretionary decision is within the personal conscience of the court when the alleged appearance of impropriety arises from inappropriate awareness of 'nonjuridical data.'" 199 AD2d 103 (1st Dept 1993).

Felner v Shapiro, 94 AD2d 317, 322 (1st Dept 1983), addressed the ethics of a medical professional, rather far afield from the facts herein.

In People v Zappacosta, 77 AD2d 928 (2d Dept 1980), the court actively elicited statements from the wife of the appellant that incriminated the appellant.

In Johnson v Hornblass, 93 AD3d 732 (1st Dept 1983), the judge visited a litigant in prison and thus could have become a witness.

Also of no legal significance is Amhed v Brucha Mortg. Bankers Corp, 82 Misc 3d 1230(A) (Sup Ct, Kings County 2024), where the judge had previously represented the attorney for petitioner and the prior attorney/client relationship posed a conflict of interest.

In sum, all of defendants' cases are manifestly distinguishable, simply inapposite, or denied recusal.

Finally, defendants emphasize their claim that "this Court, based on public reporting, is also now apparently under investigation by the Commission on Judicial Conduct." However, the Commission has not contacted me, nor I am aware of any such investigation. An unsubstantiated allegation of an investigation cannot require disqualification.

Discussion

"It is settled that 'absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal.'" People v Grasso, 49 AD3d 303, 306 (1st Dept 2008).

452564/2022  PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY
GENERAL OF THE STATE OF NEW YORK vs. TRUMP, DONALD J. ET AL
Motion No. 040

Page 6 of 8

[* 6]

6 of 8

As no grounds for mandatory recusal exist here, it is up to me and my conscience to determine whether this 90-second, unsolicited diatribe about a law with which I was fully familiar and in which I was fully immersed, by a non-party and non-expert who conveyed no facts, in any way affected my adjudication of a dispute over which I had presided for three and a half years, during which time I had already issued several dispositive decisions. I hereby definitively state that it did not.

Directly on point, the Advisory Committee on Judicial Ethics has opined that a judge is not ethically obligated to disclose an attempted ex-parte communication from a non-party who alleges no relevant facts, but merely expresses a view as to how a matter should be decided, and which is not considered by the judge. Advisory Opinion 98-144, available at https://www.nycourts.gov/ipjudicialethicsopinions/98-144_.htm

Additionally, "[n]o judge may recuse based upon wrongful acts allegedly committed by some other person." R&R Capital LLC v Meritt, 2008 WL 2090472 (Sup Ct, NY County 2008) (stating "[b]ecause this Court holds no bias for or against any party to this dispute, but has expressed in our determination of the issues put before us who shall be the prevailing side,[2] there is no basis upon which recusal may be granted"). Accordingly, recusal based on the sole actions of Bailey, which did not influence my decisions, is unwarranted.

Moreover,

> [W]hen there is no ground for recusal, recusal should not be ordered, especially when prejudice will result. Indeed, "'[a] judge has an obligation not to recuse himself or herself, even if sued in connection with his or her duties, unless he or she is satisfied that he or she is unable to serve with complete impartiality, in fact or appearance.'"

Silber v Silber, 84 AD3d 931, 932 (2d Dept 2011).

I have been presiding over this action, and the special proceeding that preceded it, for over three and a half years. The two dockets have a combined 2,624 separate entries. Index Nos. 451685/2020, 452564/2022. I have reviewed tens of thousands of documents in camera (and out), throughout extensive disclosure, motion practice, and the trial. To recuse myself now would result in immense prejudice to the parties, the public, and the judicial process.

I am supremely confident in my ability to continue to serve, as I always have, impartially.

---

[2] Moreover, contrary to defendants' contentions that my bias is somehow self-evident by my rulings (NYSCEF Doc. No. 1762 at 19), the 7000+ page trial transcript confirms that I ruled in defendants' favor many times, in matters large and small, during the course of this case.

452564/2022 PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. TRUMP, DONALD J. ET AL Motion No. 040

Page 7 of 8

[* 7]

7 of 8

Alternative Relief Sought

As an alternative to recusal, defendants request an evidentiary hearing, before another justice of the Court, "on the veracity of Mr. Bailey's allegations and the Court's and OCA's denial." NYSCEF Doc. No. 1762 at 20. In support of their request, defendants cite to a string of cases that, by defendants' own description, have "held that an attorney accused of professional misconduct must have an opportunity to confront the witnesses and subject them to cross-examination." NYSCEF Doc. No. 1762 at 20-21; see e.g., Matter of Long, 287 NY 449, 455-456 (1942). However, such a rule would give standing only to Bailey, who is accused of wrongdoing, to confront witnesses against him in an inquiry into his alleged professional misconduct. These cases do nothing to advance the relief defendants seek herein.

Conclusion

For the reasons stated herein, defendants' motion for the Court to recuse itself, or, in the alternative, for an evidentiary hearing before another judge, is hereby denied.

HON. ARTHUR F. ENGORON

| 7/25/2024 | | ARTHUR F. ENGORON, J.S.C. |
|---|---|---|
| **DATE** | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED  ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**452564/2022   PEOPLE OF THE STATE OF NEW YORK, BY LETITIA JAMES, ATTORNEY GENERAL OF THE STATE OF NEW YORK vs. TRUMP, DONALD J. ET AL Motion No. 040**

Page 8 of 8

8 of 8