OPINION OF THE COURT

Per Curiam.

Petitioner, a Judge of the County Court of Dutchess County, brings this proceeding to review a determination of the State Commission on Judicial Conduct which ordered his removal from office. He contends that the sanction imposed is unduly harsh and should be modified to account for petitioner’s alcoholism. After reviewing the evidence before the commission, we conclude that removal is the appropriate sanction.
*281 The. commission’s complaint sets forth two charges of misconduct during sessions of court which petitioner presided over while under the influence of alcohol. It further charged petitioner with specific acts of misconduct on these two dates while he was off the Bench. In his answer, petitioner essentially admitted many of the underlying facts by stating that he was “unable to explain [his] conduct * * * without concluding that [he] must have been under the influence of alcohol.” Petitioner also asserted as “a partial defense and in mitigation of the charges” his status as a recovering alcoholic.
Following extensive hearings, the referee appointed to hear and report to the commission found that both of the charges had been sustained. Specifically, he found as to charge I that: on June 13, 1980 petitioner was assigned as an acting Family Court Judge; that at the time he was under the influence of alcohol; during the course of the proceedings two juveniles and their parents were present and petitioner used profane, improper and menacing language and made inappropriate racial references; that during the course of the proceedings, while discussing possible incarcerations, he addressed the juveniles as follows: “You are in with the blacks from New York City, and you don’t dare go to sleep,.because if you do you will probably be raped. And not one, there may be five * * * When they get you behind those cell bars they will rape the shit out of you * * * You are going to be with the blacks in New York. You understand that?” He also became angered at one youth who had long hair and he threatened to get two deputies and a barber and cut the youth’s hair. He then picked up a pair of scissors and using obscene language threatened one of them. Later, at a conference with the juveniles’ attorneys petitioner referred to Dutchess County Executive Lucille Pattison in profane, obscene and vulgar terms, and during a telephone conversation'with Ms. Pattison, petitioner was hostile and incoherent. As to the second charge, the referee found that on March 18, 1981, a date he was assigned to preside at hearings at Mid-Hudson Psychiatric Center, petitioner was under the influence of alcohol; as he entered the hospital he threatened a security guard with a large hunting knife and demanded that he be permitted to *282 drive his car into the facility; that he held the knife against the guard and made threatening remarks and racial slurs; that when he arrived at the hearing room that day he was so intoxicated that he was incapable of presiding over matters assigned to him and that he conducted himself in a bizarre and inappropriate manner and his speech was slurred, rambling and incoherent. As a result of his incapacity, attorneys, doctors and court personnel agreed on adjourning the matters scheduled for that day.
Based upon these findings, the referee concluded that petitioner’s conduct created an appearance of impropriety, detracted from public confidence in the judiciary, evinced an inability to maintain order in judicial proceedings, and was generally prejudicial to the fair and proper administration of justice (see Rules Governing Judicial Conduct, §§33.1, 33.2 [a], 33.3[a][l]-[5] [now 22 NYCRR 100.1, 100.2(a), 100.3(a)(l)-(5)]; Code of Judicial Conduct, canons 1, 2A, 3A). A majority of the commission adopted the referee’s findings of fact and conclusions of law. While noting that petitioner’s misconduct arose from alcoholism, they concluded that public confidence in his ability as a Judge was “irretrievably lost” requiring the sanction of removal. Three members of the commission, while adopting the referee’s factual findings, believed that the appropriate sanction was censure, two of them stating in a separate dissent that petitioner’s status as a recovering alcoholic should be given consideration in imposing a lesser sanction of censure with petitioner being placed on two years’ probation.
This court possesses broad statutory and constitutional authority to determine the appropriate sanction in matters involving judicial misconduct (NY Const, art VI, § 22, subd d; Judiciary Law, § 44, subd 9). There is, however, neither a constitutional nor a statutory basis for a contingent or probationary penalty conditioned on treatment as suggested by petitioner and the two dissenting members of the commission. The available sanctions are admonishment, censure, removal for misconduct and mandatory retirement (Judiciary Law, § 44, subd 9; see, also, NY Const, art VI, § 22, subd d).
*283 We turn then to consider the appropriate sanction in this case. We have stated before that members of the judiciary are held to higher standards of conduct than members of the public at large and that relatively slight improprieties subject the judiciary as a whole to public criticism and rebuke (see Matter of Kuehnel v State Comm. on Judicial Conduct, 49 NY2d 465; Matter of Spector v State Comm. on Judicial Conduct, 47 NY2d 462, 468-469). Moreover, aside from the gravity of any wrongdoing, the effect of the Judge’s conduct on and off the Bench upon public confidence in his character and judicial temperament must be considered (see Matter of Quinn v State Comm. on Judicial Conduct, 54 NY2d 386, 392).
Applying these principles, we agree with the majority of the commission that petitioner is unfit to continue as a Judge and should be removed from office. He has been guilty not only of serious misconduct but it has occurred in public while he was performing his duties on the Bench. Moreover, his displays of vulgarity and racism and his threats of violence both on and off the Bench have “re^ suited in [an] irretrievable loss of public confidence in his ability to properly carry out his judicial responsibilities” (see Matter of Quinn v State Comm. on Judicial Conduct, supra, p 392).
Petitioner urges a “partial defense” of alcoholism, relying upon Matter of Quinn (supra). In Quinn, we considered petitioner’s alcoholism in reducing his sanction from removal for misconduct to retirement for disability, but the dispositive issue was not the mitigating effect of alcoholism on his improper off-the-Bench activities, but the fact that the Judge had recognized his physical incapacity and had tendered his resignation and applied for retirement prior to the commission’s recommended determination of removal. Petitioner has not tendered his resignation in this proceeding, his conduct is of a more aggravated nature and apparently, as evidenced by some of his explanations, he fails to recognize the inappropriateness of his actions or attitudes. All of these things indicate to us that he is unfit to continue in office. The appropriate sanction, therefore, is removal.
*284 Accordingly, the determined sanction should be accepted, without costs, and Raymond E. Aldrich, Jr., should be removed from the office of Judge of the County Court, Dutchess County.