OPINION OF THE COURT
 

 Memorandum.
 

 The determination of the State Commission on Judicial Conduct, directing that petitioner, a Justice of the Peru Town Court, Clinton County, be removed from office, should be accepted. A review of the record clearly establishes the propriety of the commission’s findings of fact and conclusions of law.
 

 
 *871
 
 According to the credible testimony of various individuals, including a New York State trooper, petitioner, during the period from February, 1979 through January, 1981, routinely failed to advise defendants appearing before him of their constitutional and statutory rights, including the right to consult an attorney. Occasionally, he would actually discourage those individuals from seeking legal advice. Furthermore, it appears to have been standard procedure in petitioner’s courtroom for defendants to be found guilty and fined or jailed without being afforded the opportunity to plead not guilty and stand trial. When questioned about one such occurrence involving a woman accused of shoplifting, petitioner explained that “she had the goods on her. She had to be guilty. Am I right or wrong.” On another occasion, the petitioner issued a warrant for the arrest of a woman who had stopped payment on a check she had given the Judge as payment of a previous fine. When she appeared before him, he immediately pronounced her guilty without informing her of the charge against her or advising her of her right to counsel. When questioned about this incident, petitioner admitted that he had convicted her of the “bad check” charge and explained that the fact she had stopped payment on the check was proof enough for him that she had committed a crime.
 

 We also accept the commission’s findings that petitioner coerced guilty pleas, often after conducting improper ex parte conferences with the arresting officers, and showed a predisposition toward the prosecution. The Judge admitted that in IIV2 years on the Bench he had “thousands and thousands” of cases, but only one had ever gone to trial. In addition, he conceded his total disregard for statutory record-keeping requirements, stating only that they were too complicated for him to understand.
 

 We accept the commission’s determination that the petitioner has abused the power of his office in a manner that has brought disrepute to the judiciary and has irredeemably damaged public confidence in the integrity of his court. Such a breach of the public trust warrants removal.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Simons concur.
 

 
 *872
 
 Determined sanction accepted, without costs, and Paul L. McGee removed from the office of Justice of the Peru Town Court in a memorandum.