370 S.E.2d 485

### In the Matter of Douglas H. JETT, Magistrate.

### No. 17590.

Supreme Court of Appeals of West Virginia.

June 17, 1988.

Suzanne Jett, Goodwin & Goodwin, Charleston, for Douglas H. Jett.

Charles R. Garten, Charleston, for Judicial Investigation Com'n of WV.

PER CURIAM:

This judicial disciplinary proceeding arises from a complaint filed with the Judicial Hearing Board by the Judicial Investigation Commission charging Magistrate Jett with violations of Canons 2 and 3 of the Judicial Code of Ethics.

The Hearing Board recommended a thirty-day suspension, without pay. Magistrate Jett asks this Court to consider the alternative penalty of either reprimand or suspension, without pay for one week. Independent review of the record compels this Court to reject both recommendations and determine that a serious ethical violation has occurred which greatly undermines public confidence in the judiciary. We therefore order that Magistrate Jett be suspended, without pay, for sixty days from June 21, 1988.

The facts concerning this proceeding are not in dispute. Magistrate Jett is one of two magistrates in Pocahontas County. One evening, while "on call," Magistrate Jett was contacted by members of the West Virginia Department of Public Safety for the initial appearance of an individual charged with driving under the influence, second offense. When the magistrate arrived, the accused, his lawyer, the prosecuting attorney, and various police officers were present. All stated that the magistrate exhibited signs of heavy intoxication.

The magistrate improperly issued the warrant. Due to these defects, the warrant was withdrawn and reissued. Also, the magistrate failed to properly complete bond papers before releasing the defendant. Following the initial appearance, Magistrate Jett was cited for public intoxication by a member of the West Virginia Department of Public Safety.

The Hearing Board found that the clear and convincing evidence established that the magistrate violated Canons 2 A and 3 A(1) and (2) of the Judicial Code of Ethics, which state:

### CANON 2

A judge should avoid impropriety and the appearance of impropriety in all his activities.

A. A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.

### CANON 3

A judge should perform the duties of his office impartially and diligently.

The judicial duties of a judge take precedence over all his other activities. His judicial duties include all the duties of his office prescribed by law. In the performance of these duties, the following standards apply:

A. Adjudicative Responsibilities.

(1) A judge should be faithful to the law and maintain professional competence in it. He should be unswayed by partisan interest, public clamor, or fear of criticism.

(2) A judge should maintain order and decorum in proceedings before him.

The Board then recommended suspension, without pay, for thirty days. Magistrate Jett, while not contesting the underlying facts, contends that the recommended sanction is too harsh. He asserts that he has subsequently sought medical treatment and that the imposition of the penalty would create undue hardship for either the other magistrate of Pocahontas County, or the funds of the State of West Virginia (by requiring the temporary assignment of a magistrate to Pocahontas County).

■ " 'The Supreme Court of Appeals will make an independent evaluation of the record and recommendation of the Judicial [Hearing] Board in disciplinary proceedings.' Syl. pt. 1, *W. Va. Judicial Inquiry Commission v. Dostert*, 165 W.Va. 233,

271 S.E.2d 427 (1980)." Syllabus, *Matter of Gorby*, 176 W.Va. 11, 339 S.E.2d 697 (1985).

■ The Hearing Board found, and we concur, that as a result of the magistrate's intoxication, he failed to follow the appropriate criminal procedures and thus violated Canon 3 A(1). *Matter of Monroe*, 174 W.Va. 401, 327 S.E.2d 163 (1985).

As for Canon 2 A, the magistrate was intoxicated while on duty, which coincidentally required him to conduct the initial appearance proceeding of an individual arrested for driving under the influence. Not only do his actions reflect misconduct, but they also undermine public confidence in the judiciary. *In the Matter of Gorby*, 176 W.Va. 11, 339 S.E.2d 697 (1985).

Other jurisdictions have heavily sanctioned judges who perform their official duties while intoxicated due to this concern for public confidence. *Aldrich v. State Commission on Judicial Conduct*, 460 N.Y.S.2d 915, 58 N.Y.2d 279, 447 N.E.2d 1276 (1983) (two occasions of intoxication while acting as family court judge and mental health examiner, including berating litigants, merits removal); *Complaint Concerning Kirby*, 354 N.W.2d 410 (Minn. 1984) (complaint alleging judge conducted court with alcohol on his breath, and appeared late for court due to intoxication, which did not state with any specificity when the alleged incidents occurred, merited public censure).

Based on all the foregoing, we accept the undisputed factual findings of the Hearing Board; however, we reject its recommendation that the magistrate receive only a thirty-day suspension, without pay. Since his actions reflect violations of Canons 2 A and 3 A(1) and (2) and equally reflect upon judiciary integrity, we suspend the magistrate for a period of sixty days, without pay. *See* syllabus, *Matter of Gorby*, 176 W.Va. 11, 339 S.E.2d 697 (1985).

Sixty-day suspension, without pay.