*527 OPINION OF THE COURT
Per Curiam.
Petitioner, a Justice of the Caneadea Town Court, brings this proceeding to review a determination of respondent finding her guilty of 5 of 7 charges of misconduct and determining that the sanction of removal is appropriate. In its decision sustaining charge I, the Commission found that petitioner issued a warrant of arrest pertaining to a dishonored check given to petitioner’s husband, the complainant, by defendant. Despite her relationship to the complainant, petitioner presided over the defendant’s arraignment, committed the defendant to jail in lieu of $5,000 bail, failed to appoint counsel for defendant at arraignment and refused the advice of the District Attorney and a County Court Judge that she disqualify herself.
In sustaining charge III, the Commission found that petitioner improperly issued an order directing a defendant charged with harassment to pay child support in the amount of $25 per week. As to charge V, the Commission found that petitioner sent a written communication on court stationery to a private contractor contesting the balance allegedly owed for the installation of a septic tank system of property owned by petitioner’s father.
As to charge VI, the Commission found that petitioner requested a young man, whom she had sentenced one day earlier, to return to court, accused the youth of writing obscenities on the court’s table and, upon his denial, struck him across the face with a telephone directory.
In its determination on supplemental charge I, the Commission found that petitioner sent a personal letter in a Town Court envelope to tenants of an apartment building owned by petitioner’s father about their use of well water and sent an attorney a letter in a Town Court envelope concerning the quality of well water in the same apartment building.
Respondent did not sustain charges II and IV, which alleged that petitioner threatened the Caneadea Town Supervisor with contempt and incarceration for refusing to make a *528 photocopier available to her during unscheduled night arraignments and that petitioner acted improperly during two traffic violation actions.
Based on the findings, the Commission unanimously determined that petitioner violated the following sections of the Rules of the Chief Administrator of the Courts Governing Judicial Conduct (22 NYCRR): section 100.1 (upholding the independence and integrity of the judiciary), section 100.2 (avoiding impropriety or the, appearance of impropriety), section 100.3 (a) (1) (being faithful to the law and unswayed by partisan interests), section 100.3 (a) (3) (requiring a Judge to be patient, dignified and courteous to litigants, and others with whom she deals in an official capacity), section 100.3 (a) (4) (avoiding ex parte communications), section 100.3 (c) (1) (requiring a Judge to disqualify herself in a proceeding in which her impartiality may be questioned), and Canons 1, 2, 3A (1); 3A (3); 3A (4) and 3C (1) of the Code of Judicial Conduct.
While due deference must be accorded to the Commission’s determination, we are obliged to make an independent review of the record and to determine the appropriate sanction. The evidence substantiates respondent’s findings that charges I, V, VI and supplemental charge I were proven and that charges II and IV were not proven.
As to charge III, petitioner argues that respondent has found her guilty for conduct which, in essence, amounts to an error of a legal nature in misperceiving the jurisdiction of the Justice Court and in failing to recognize her lack of authority to order temporary child support. We agree with petitioner that the proof is insufficient to sustain a finding of misconduct under charge III. Petitioner’s remaining contentions regarding her guilt are without merit.
Finally, we reject petitioner’s contention that the sanction imposed is too severe. Reviewing the confirmed charges, we agree with the Commission that petitioner’s continuance in office would pose a threat to the proper administration of justice (see, Matter of VonderHeide, 72 NY2d 658, 661). We find petitioner’s handling of the matter of the dishonored check given to her husband to have been particularly egregious. By any measure, her conduct displayed a lack of the basic qualities of fairness, impartiality and self-restraint which are essential for judicial office. Petitioner clearly displayed favoritism to her husband. She persisted in her course *529 of conduct, notwithstanding the admonitions of the District Attorney and County Court that she should avoid even the semblance of impropriety.
Accordingly, the determined sanction should be accepted, without costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Determined sanction accepted, without costs, and Josephine D. Tyler removed from the office of Justice of the Caneadea Town Court.