OPINION OF THE COURT
Per Curiam.
In this proceeding, we are called upon to review a determination of the State Commission on Judicial Conduct that petitioner, a Judge of the Family Court of Broome County, committed certain acts of misconduct which warranted his removal from office (see, NY Const, art VI, § 22 [d]; Judiciary Law § 44 [9]). After having reviewed the record, we conclude that the determined sanction of the Commission should be accepted.
*282 The Commission, by formal complaint dated August 8, 1989, preferred 14 charges of judicial misconduct against petitioner. After hearing oral argument, the Commission determined that all but two of those charges should be sustained, stating that: "In less than four years on the Family Court bench, [petitioner] amassed an egregious record. He abused the rights of litigants, flouted the law, conveyed the impression of bias, was intemperate and made racist statements.”* The Commission then concluded that the appropriate sanction was petitioner’s removal from office.
Petitioner now urges that this Court reject the sanction imposed by the Commission as unduly harsh. He does not dispute most of the Commission’s findings, nor deny having engaged in conduct which was "clearly inappropriate,” but instead argues that his actions merely reflected poor judgment and consequently do not warrant removal from office (see, Matter of Kiley, 74 NY2d 364, 369-370; Matter of Steinberg, 51 NY2d 74, 81). We cannot agree.
As a Judge, petitioner was under a duty to conduct himself in such a manner as to inspire public confidence in the integrity, fair-mindedness and impartiality of the judiciary (see, Matter of Cohen, 74 NY2d 272, 278). The record, however, demonstrates that petitioner has accomplished just the opposite. While on the Bench, petitioner frequently addressed parties and their attorneys in an intemperate manner, often indicating that he presumed unproven allegations to be true (see, Matter of Sardino v State Commn. on Judicial Conduct, 58 NY2d 286, 290), and on two occasions he used racially charged language that was highly insulting to certain ethnic groups (see, Matter of Aldrich, 58 NY2d 279, 283). In case after case, he neglected to inform litigants appearing before him of their constitutional and statutory rights, including their right to counsel (see, Matter of Reeves, 63 NY2d 105, 109-110; Matter of McGee, 59 NY2d 870, 871; Matter of Sardino v State Commn. on Judicial Conduct, 58 NY2d 286, 289, supra), and instead exerted undue pressure on these parties to make damning admissions, sometimes by threatening incarceration or other consequences which he had no authority to impose. Petitioner even sentenced one person to six months in jail based solely upon an ex parte letter.
*283 Such a pattern of conduct, which necessarily has the effect of leaving litigants with the impression that our judicial system is unfair and unjust, would be unacceptable if engaged in by any member of the judiciary; for a Judge of the Family Court, where matters of the utmost sensitivity are often litigated by those who are unrepresented and unaware of their rights, it is simply intolerable.
Petitioner’s "record of public service as legislator, judge, and mayor, and as an active community volunteer over a span of forty years” cannot excuse these acts of gross judicial misconduct (see, Matter of Shilling, 51 NY2d 397, 399). In this regard, it must not be forgotten that "the purpose of judicial disciplinary proceedings is 'not punishment but the imposition of sanctions where necessary to safeguard the Bench from unfit incumbents’ ” (Matter of Reeves, 63 NY2d 105, 111, supra, quoting Matter of Waltemade, 37 NY2d [a], [111]).
In sum, we agree with the Commission that petitioner has engaged in "a pattern of injudicious behavior * * * which cannot be viewed as acceptable conduct by one holding judicial office.” (Matter of VonderHeide, 72 NY2d 658, 660.) He has "abused the power of his office in a manner that * * * has irredeemably damaged public confidence in the integrity of his court” (Matter of McGee, 59 NY2d 870, 871, supra); and consequently his "continuance in office would pose a threat to the proper administration of justice” (Matter of Tyler, 75 NY2d 525, 528).
Accordingly, the determined sanction of the Commission should be accepted, without costs, and petitioner should be removed from his judicial office.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in Per Curiam opinion.
Determined sanction accepted, etc.

 The Commission determined that petitioner had violated sections 100.1, 100.2 (a); 100.3 (a) (1), (3) and (4) of the Rules Governing Judicial Conduct (22 NYCRR), and Canons 1, 2 (A); 3 (A) (1), (3) and (4) of the Code of Judicial Conduct.