[988 NE2d 509, 965 NYS2d 773]

In the Matter of BRYAN R. HEDGES, a Judge of the Family Court, Onondaga County, Petitioner. STATE COMMISSION ON JUDICIAL CONDUCT, Respondent.

Argued March 19, 2013; decided April 25, 2013

## POINTS OF COUNSEL

*Robert F. Julian*, Utica, for petitioner. I. The determination by the State Commission on Judicial Conduct that petitioner should be removed from office is not supported by the evidence. (*Matter of Benjamin*, 77 NY2d 296; *Mishkin v Roreck*, 202 Misc 653; *Partyka v Attorney Gen. of U.S.*, 417 F3d 408.) II. The procedures of the State Commission on Judicial Conduct violate due process, the hearing was prejudicially conducted, and the Commission was adversely impacted by the violations and prejudice. (*Matter of Daley v Board of Estimate of City of N.Y.*, 186 Misc 905; *Matter of Gelfand*, 70 NY2d 211; *Cotilletta v Tepedino*, 151 Misc 2d 660; *Matter of Doe v State Commn. on Jud. Conduct*, 137 Misc 2d 268; *Toussie v United States*, 397 US 112; *Matter of Kelemen v Coughlin*, 100 AD2d 732; *Matter of Murray v Murphy*, 24 NY2d 150; *Mathews v Eldridge*, 424 US 319; *Grayned v City of Rockford*, 408 US 104; *Withrow v Larkin*, 421 US 35.) III. The victim's most recent version of events of 1972 is incredible and was properly not considered by the State Commission on Judicial Conduct in the determination.

*Robert H. Tembeckjian*, Albany (*Edward Lindner, John J. Postel, Mary C. Farrington* and *David M. Duguay* of counsel), for respondent. I. Petitioner committed an abhorrent act that is prejudicial to the administration of justice, reflects adversely on his fitness for judicial office and warrants his removal. (*Matter of Quinn v State Commn. on Jud. Conduct*, 54 NY2d 386; *Matter of Tamsen*, 100 NY2d 19; *Matter of Benjamin*, 77 NY2d 296; *People v Rousseau*, 245 AD2d 915; *Allstate Ins. Co. v Mugavero*, 79 NY2d 153; *Laurie Marie M. v Jeffrey T.M.*, 159 AD2d 52; *Matter of Steinberg*, 51 NY2d 74; *Matter of Shilling*, 51 NY2d 397; *Matter of Douglas v New York City Bd./Dept. of Educ.*, 87 AD3d 856; *Matter of Tenenbaum*, 61 AD3d 162.) II. The State Commission on Judicial Conduct's determination does not rely on uncharged allegations. The formal written complaint provided petitioner with reasonably specific notice of the charge against him sufficient to allow for preparation of a defense. (*Matter of Marshall*, 8 NY3d 741; *Matter of Gelfand*, 70 NY2d 211; *Matter of Block v Ambach*, 73 NY2d 323; *Matter of D'Ambrosio v Department of Health of State of N.Y.*, 4 NY3d 133; *Matter of Steckmeyer v State Bd. for Professional Med. Conduct*, 295 AD2d 815; *Matter of Board of Educ. of Monticello Cent. School Dist. v Commissioner of Educ.*, 91 NY2d 133; *Matter of Holtzman*, 78 NY2d 184; *Allstate Ins. Co. v Mugavero*, 79 NY2d 153; *Matter of St. Lucia v Novello*, 284 AD2d 591; *Matter*

*of Giffone v DeBuono*, 263 AD2d 713.) III. The State Commission on Judicial Conduct's procedures do not violate due process. (*Matter of Seiffert*, 65 NY2d 278; *Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179; *Matter of Mason [State Commn. on Jud. Conduct]*, 100 NY2d 56; *Matter of Steinberg*, 51 NY2d 74; *Matter of Sims [State Commn. on Jud. Conduct]*, 61 NY2d 349; *Matter of Spargo v New York State Commn. on Jud. Conduct*, 23 AD3d 808; *Matter of Children of Bedford v Petromelis*, 77 NY2d 713, 502 US 1025; *Town of Oyster Bay v Kirkland*, 81 AD3d 812; *Matter of Miller v Schwartz*, 72 NY2d 869; *Matter of Pfau v Public Empl. Relations Bd.*, 69 AD3d 1080.) IV. The mere passage of time does not deprive the State Commission on Judicial Conduct of jurisdiction and did not deprive petitioner of the opportunity to present a defense. (*Matter of King v Cuomo*, 81 NY2d 247; *Matter of Sarisohn*, 26 AD2d 388; *New York Pub. Interest Research Group v Steingut*, 40 NY2d 250; *Matter of Tamsen*, 100 NY2d 19; *Matter of Boulanger*, 61 NY2d 89; *Matter of O'Keefe v Murphy*, 38 NY2d 563; *Matter of Rojas v Sobol*, 167 AD2d 707; *Matter of Louis Harris & Assoc. v deLeon*, 84 NY2d 698; *Matter of Diaz Chem. Corp. v New York State Div. of Human Rights*, 91 NY2d 932; *Matter of Pearl v New York State Board for Professional Medical Conduct*, 295 AD2d 764.) V. Removal is the only appropriate sanction, notwithstanding petitioner's resignation from judicial office. (*Matter of Backal*, 87 NY2d 1; *Matter of Quinn v State Commn. on Jud. Conduct*, 54 NY2d 386; *Matter of Flynn v State Ethics Commn., Dept. of State, State of N.Y.*, 87 NY2d 199.)

## OPINION OF THE COURT

Per Curiam.

Petitioner, a former Judge of Family Court, Onondaga County, seeks review of a determination of the State Commission on Judicial Conduct, which sustained one charge of judicial misconduct against him and determined that he should be removed from office (*see* NY Const, art VI, § 22; Judiciary Law § 44 [1]).*

Petitioner served as Family Court Judge from January 1, 1985 until he resigned on April 5, 2012. The catalyst for his resignation was the allegation that, in 1972, when petitioner was 25 years old, he had engaged in sexual misconduct involving a five-

---

* Judiciary Law § 47 provides the Commission and this Court with continued jurisdiction over a judge who resigns from office to prevent the judge from circumventing removal and then seeking judicial office in the future (*see Matter of Backal*, 87 NY2d 1, 7 [1995]).

year-old girl. While the exact events are subject to dispute, petitioner has admitted to sexual contact with the child, which he has described as indefensible.

The complaint consisted of a single charge, alleging that petitioner should be disciplined for violating sections 100.1 and 100.2 (A) of the Rules Governing Judicial Conduct (22 NYCRR 100.1, 100.2 [A]). The Commission sustained the charge and ordered petitioner's removal, finding that his admissions, by themselves, without consideration of the complainant's testimony, provided a sufficient basis for the determination. Two Commission members dissented in part on the ground that petitioner removed himself from his judgeship by resigning, and that post-resignation removal proceedings "served no purpose" in this case.

We measure the necessity for removal "with due regard to the fact that Judges must be held to a higher standard of conduct than the public at large" (*Matter of Going*, 97 NY2d 121, 127 [2001]). Because "relatively slight improprieties subject the judiciary as a whole to public criticism and rebuke," it is essential that we consider "the effect of the Judge's conduct on and off the Bench upon public confidence in his [or her] character and judicial temperament" (*Matter of Aldrich v State Commn. on Jud. Conduct*, 58 NY2d 279, 283 [1983]).

Upon our independent review of the record, we conclude that petitioner engaged in misconduct warranting removal from office by committing an act of moral turpitude involving a child. We agree with the Commission that petitioner's admissions, by themselves, are sufficient to warrant the finding of judicial misconduct. The admitted conduct undermined the integrity and impartiality of the judiciary and therefore rendered petitioner unfit for judicial office.

It is troubling that the petition is based solely on conduct that occurred 40 years ago—13 years before petitioner was elevated to the bench. Nevertheless, the misconduct alleged is grave by any standard. Further, the significant danger of fading memories is tempered somewhat under the circumstances of this particular case, where petitioner admits that conduct of this nature in fact occurred.

Petitioner's remaining arguments are without merit.

Accordingly, the determined sanction of removal should be accepted without costs, and petitioner should be removed from the office of Judge of the Family Court, Onondaga County.

Chief Judge LIPPMAN and Judges GRAFFEO, READ, SMITH, PIGOTT and RIVERA concur.

Determined sanction accepted, without costs, and Bryan R. Hedges removed from the office of Judge of the Family Court, Onondaga County.