This opinion is uncorrected and subject to revision before
publication in the New York Reports.
------------------------------------------------------------------

No. 135
In the Matter of the Honorable
Alan M. Simon, a Justice of the
Spring Valley Village Court and
the Ramapo Town Court, Rockland
County,
                    Petitioner,
State Commission on Judicial
Conduct,
                    Respondent.

Lawrence A. Mandelker, for petitioner.
Edward Lindner, for respondent.

PER CURIAM:

At the request of petitioner, Alan M. Simon, we review

a determination of the State Commission on Judicial Conduct

(Commission), which sustained six charges of misconduct against

petitioner and recommended that he be removed from his judicial

offices. Petitioner has been a Justice of the Spring Valley

- 1 -

Village Court since 2005 and a Justice of the Ramapo Town Court since 2011. He also was appointed an Acting Justice of the Hillburn Village Court in 2016.

In seeking review, petitioner "concedes his misconduct," but he challenges the Commission's recommendation that he be removed (see Judiciary Law § 44 [7]). Specifically, petitioner contends that, in lieu of removal, we should direct that he be censured and restored to his judicial offices. We reject that contention and accept the determined sanction of removal.

In matters involving judicial misconduct we have broad statutory and constitutional authority to determine the appropriate sanction (see Matter of Aldrich v State Commn. on Jud. Conduct, 58 NY2d 279, 282 [1983], rearg denied 59 NY2d 967 [1983]). Judicial misconduct cases involve "institutional and collective judgment calls based on assessment of their individual facts, in relation to prevailing standards of judicial behavior and the prospect of future misconduct and continued judicial service" (Matter of Roberts, 91 NY2d 93, 97 [1997]). "[W]e have long defined the purpose of a judicial disciplinary proceeding not in terms of punishment for its own sake, 'but [for] the imposition of sanctions where necessary to safeguard the Bench from unfit incumbents'" (Matter of Restaino [State Commn. on Jud. Conduct], 10 NY3d 577, 589 [2008], quoting Matter of Duckman, 92 NY2d 141, 152 [1998]).

The ultimate sanction of removal typically is "reserved for 'truly egregious circumstances' that extend beyond the limits of 'even extremely poor judgment'" (Restaino, 10 NY3d at 589, quoting Matter of Kiley, 74 NY2d 364, 369, 370 [1989]), but it must also be kept in mind "that the 'truly egregious' standard is measured with due regard to the higher standard of conduct to which judges are held" (Restaino, 10 NY3d at 589-590 [some internal quotation marks omitted]).  Removal thus is warranted when a judge exhibits "a pattern of injudicious behavior . . . which cannot be viewed as acceptable conduct by one holding judicial office" (Matter of VonderHeide [State Commn. on Jud. Conduct], 72 NY2d 658, 660 [1988]) or an "abuse[] [of] the power of his [or her] office in a manner that . . . has irredeemably damaged public confidence in the integrity of his [or her] court" (Matter of McGee v State Commn. on Jud. Conduct, 59 NY2d 870, 871 [1983]).

Here, the Commission held, and petitioner concedes, that he violated these Rules Governing Judicial Conduct:

> 22 NYCRR 100.1 (entitled, "A judge shall uphold the integrity and independence of the judiciary");
>
> 22 NYCRR 100.2 (A) ("A judge shall respect and comply with the law and shall act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary");
>
> 22 NYCRR 100.2 (C) ("A judge shall not lend the prestige of judicial office to advance the private interests of . . . others");

22 NYCRR 100.3 (B) (1) ("A judge shall be
faithful to the law and maintain professional
competence in it.  A judge shall not be
swayed by partisan interests, public clamor
or fear of criticism");

22 NYCRR 100.3 (B) (3) ("A judge shall be
patient, dignified and courteous to
litigants, jurors, witnesses, lawyers and
others with whom the judge deals in an
official capacity . . . .");

22 NYCRR 100.3 (B) (6) ("A judge shall accord
to every person who has a legal interest in a
proceeding, or that person's lawyer, the
right to be heard according to law. . . .");

22 NYCRR 100.3 (C) (1) ("A judge shall
diligently discharge the judge's
administrative responsibilities without bias
or prejudice and maintain professional
competence in judicial administration, and
should cooperate with other judges and court
officials in the administration of court
business"); and

22 NYCRR 100.5 (A) (1) (c) and (d) ("Neither
a sitting judge nor a candidate for public
election to judicial office shall directly or
indirectly engage in any political activity.
. . . Prohibited political activity shall
include . . . [c] engaging in any partisan
political activity . . . [and] [d]
participating in any political campaign for
any office or permitting his or her name to
be used in connection with any activity of a
political organization").

The misconduct giving rise to that concession

"qualifies as 'truly egregious'" (Restaino, 10 NY3d at 590).  The

record reflects that, among other things, petitioner used a

sanction -- a tool meant to "shield" from frivolous conduct -- as

a "sword" to punish a legal services organization for a perceived

slight in an inexcusable and patently improper way (see 22 NYCRR

130-1.1 [a] [authorizing the imposition of sanctions, but precluding town and village courts from applying such penalties]). The record is also replete with instances in which petitioner used his office and standing as a platform from which to bully and to intimidate. To that end, it is undisputed that petitioner engaged in ethnic smearing and name-calling and repeatedly displayed poor temperament -- perhaps most significantly, by engaging in a physical altercation with a student worker.

Those actions are representative of an even more serious problem. Petitioner -- in what allegedly was a grossly misguided attempt to motivate -- repeatedly threatened to hold various officials and employees of the Village of Spring Valley in contempt without cause or process. Those threats "exceeded all measure of acceptable judicial conduct" (Matter of Blackburne [State Commn. on Jud. Conduct], 7 NY3d 213, 221 [2006]), and we are particularly troubled by the testimony of one court officer, who suggested that petitioner's threats were so common that they became "a joke." The matter may have been a laughing one to that officer, but it was not to others.

Significantly, too, petitioner's hectoring extended beyond the courthouse. In what ostensibly was an attempt to undermine a former co-Judge and an apparent political adversary, petitioner willfully injected himself into the political process involving the election of an office other than his own. All of

the foregoing actions reflect a pattern of calculated misconduct that militates against petitioner's assertion that the misbehavior complained of will not be repeated if he is allowed to remain on the bench.[1]  Petitioner's misconduct apparently was tempered only by the intervention of the Commission, and at the hearing held with respect to this matter he appeared unrepentant and evasive, testifying falsely on at least two occasions in an attempt to minimize his misconduct -- all of which renders suspect his guarantees of better behavior.[2]

Accordingly, the determined sanction should be accepted, without costs, and Alan M. Simon removed from the offices of Justice of the Spring Valley Village Court, Rockland County, and Justice of the Ramapo Town Court, Rockland County.

---

[1]     By operation of the New York State Constitution, petitioner is "ineligible to hold other judicial office" (NY Const, art VI, § 22 [h]).

[2]     Petitioner also claims that the Commission ignored the theory of the case that he presented to it, namely, that he acknowledged that his misconduct was not justified, but that "his motives were to protect the independence and integrity of the court from the undue influence of a corrupt mayor and improve its efficiency."  Even assuming the truth of that representation, the "means" by which petitioner attempted to effectuate those "ends" are unacceptable.

* * * * * * * * * * * * * * * * *

Determined sanction accepted, without costs, and Alan M. Simon removed from the offices of Justice of the Spring Valley Village Court, Rockland County, and Justice of the Ramapo Town Court, Rockland County.  Opinion Per Curiam.  Chief Judge DiFiore and Judges Pigott, Rivera, Abdus-Salaam, Stein, Fahey and Garcia concur.


Decided October 20, 2016