Matter of Simon (2019 NY Slip Op 01077)





Matter of Simon


2019 NY Slip Op 01077


Decided on February 13, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
MARK C. DILLON
RUTH C. BALKIN
CHERYL E. CHAMBERS, JJ.


2017-01561

[*1]In the Matter of Alan Michael Simon, an attorney and counselor-at-law. Grievance Committee for the Ninth Judicial District, petitioner; Alan Michael Simon, respondent. (Attorney Registration No. 1510627)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Ninth Judicial District. The Grievance Committee commenced a disciplinary proceeding against the respondent by filing a notice of petition and verified petition dated February 6, 2017. By decision and order on motion of this Court dated October 11, 2017, the parties' joint motion for discipline on consent pursuant to 22 NYCRR 1240.8(a)(5) and for the imposition of a public censure was denied. By decision and order on motion dated April 12, 2018, the respondent's motion, inter alia, for leave to reargue the joint motion was denied. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 18, 1968.



Gary L. Casella, White Plains, NY (Glenn E. Simpson of counsel), for petitioner.
Richard E. Grayson, White Plains, NY, for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Ninth Judicial District served the respondent with a verified petition dated February 6, 2017, containing three charges of professional
misconduct predicated on the factual findings of the New York State Commission on Judicial Conduct (hereinafter the Commission), which were sustained by the New York Court of Appeals (see Matter of Simon [State Commn. on Jud. Conduct], 28 NY3d 35). In sustaining the factual findings, the New York Court of Appeals accepted the Commission's recommended sanction of removal. Following the denial of the parties' joint motion for discipline on consent, and the denial of the respondent's motion, inter alia, for leave to reargue, the parties filed a joint statement advising the Court that the pleadings raise no issues of fact (see 22 NYCRR 1240.8[a][2]). The respondent does not dispute that he is collaterally estopped from challenging the findings of the Court of Appeals (see Matter of Alessandro, 100 AD3d 210), and that his case consists solely of mitigation. The parties ask the Court to enter an order "as the Court may deem just and proper."
Charge one alleges that the respondent, a former justice, inter alia, of the Village Court of the Village of Spring Valley, was removed from the bench, based on the factual findings made by the Commission, which were sustained by the New York Court of Appeals, that the respondent engaged in judicial misconduct, and that by virtue of that judicial misconduct, the respondent engaged in conduct prejudicial to the administration of justice, in violation of rule 8.4(d) of the Rules of Professional Conduct (22 NYCRR 1200.0).
By per curiam opinion and order dated October 20, 2016, the Court of Appeals sustained the Commission's factual determinations and accepted its recommendation that the [*2]respondent be removed from the bench. The Court of Appeals held:
"The record reflects that, among other things, [the respondent] used a sanction—a tool meant to shield' from frivolous conduct—as a sword' to punish a legal services organization for a perceived slight in an inexcusable and patently improper way. The record is also replete with instances in which [the respondent] used his office and standing as a platform from which to bully and to intimidate. To that end, it is undisputed that [the respondent] engaged in ethnic smearing and name-calling and repeatedly displayed poor temperament—perhaps most significantly, by engaging in a physical altercation with a student worker."
"Those actions are representative of an even more serious problem. [The respondent]—in what allegedly was a grossly misguided attempt to motivate —repeatedly threatened to hold various officials and employees of the Village of Spring Valley in contempt without cause or process. Those threats exceeded all measure of acceptable judicial conduct' (Matter of Blackburne [State Commn. on Jud. Conduct, 7 NY3d 213, 221 [2006]), and we are particularly troubled by the testimony of one court officer, who suggested that [the respondent's] threats were so common that they became a joke.' The matter may have been a laughing one to that officer, but it was not to others."
"Significantly, too, [the respondent's] hectoring extended beyond the courthouse. In what ostensibly was an attempt to undermine a former co-judge and an apparent political adversary, [the respondent] willfully injected himself into the political process involving the election of an office other than his own. All of the foregoing actions reflect a pattern of calculated misconduct that militates against [the respondent's] assertion that the misbehavior complained of will not be repeated if he is allowed to remain on the bench. [The respondent's] misconduct apparently was tempered only by the intervention of the Commission, and at the hearing held with respect to this matter he appeared unrepentant and evasive, testifying falsely on at least two occasions in an attempt to minimize his misconduct—all of which renders suspect his guarantees of better behavior" (Matter of Simon [State Commn. on Jud. Conduct], 28 NY3d at 39-40 [citation omitted]).
Charge two alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge one.
Charge three alleges that the respondent engaged in conduct involving dishonesty, deceit, fraud, and misrepresentation, in violation of rule 8.4(c) of the Rules of Professional Conduct (22 NYCRR 1200.0), based on the factual specifications alleged in charge one, including but not limited to the finding of the Court of Appeals that the respondent "testif[ied] falsely on at least two occasions in an attempt to minimize his misconduct" (Matter of Simon [State Commn. on Jud. Conduct], 28 NY3d at 39-40).
Based on the above facts that are deemed established under the doctrine of collateral estoppel, we find that charges one, two, and three are sustained.
In determining the appropriate measure of discipline to impose, we have considered the respondent's proffered mitigation set forth in the statement submitted to this Court, including that he "tried, in good faith, to serve as a judge and never intentionally meant to violate the standards of conduct mandated by the Court of Appeals and the State Commission on Judicial Conduct"; that he "exercised his judgment in good faith" in handling the situation involving the student worker; that, while he threatened to hold certain individuals in contempt, he never actually held anyone in contempt; that the various actions he took were meant to protect the integrity and safety of the court and its personnel from others who were either corrupt, behaved improperly or were not doing their job; that he "acted in good faith to render substantial justice to all parties"; that the electorate of Spring Valley, in electing him mayor, has shown confidence in him; and finally, that the appropriate sanction, in his view, is a public censure.
The Court notes that, with the exception of the respondent's statement regarding his election as mayor of Spring Valley, the respondent advanced similar arguments in defense of the [*3]charges before the Commission and on appeal before the Court of Appeals. We agree with the determinations of both bodies that the respondent's arguments lack merit. The Court of Appeals noted:
"[The respondent] also claims that the Commission ignored the theory of the case that he presented to it, namely, that he acknowledged that his misconduct was not justified, but that his motives were to protect the independence and integrity of the court from the undue influence of a corrupt mayor and improve its efficiency.' Even assuming the truth of that representation, the means' by which [the respondent] attempted to effectuate those ends' are unacceptable" (Matter of Simon [State Commn. on Jud. Conduct], 28 NY3d at 40 n 2).
Based on the findings of the Court of Appeals that the respondent "used his office and standing as a platform from which to bully and to intimidate, . . . engaged in ethnic smearing and name-calling and repeatedly displayed poor temperament—perhaps most significantly, by engaging in a physical altercation with a student worker, . . . repeatedly threatened to hold various officials and employees of the Village of Spring Valley in contempt without cause or process, . . . [and] injected himself into the political process involving the election of an office other than his own" (id. at 39), —misconduct qualifying as "truly egregious" (id. [internal quotation marks omitted]), we find that a disbarment is warranted (see Matter of Mogil, 250 AD2d 343). Most disturbing, notwithstanding the passage of time, the respondent continues to lack insight into the effect of his behavior, and continues to fail to recognize the inappropriateness of his actions or attitudes. The respondent's misconduct, inappropriate and unacceptable as a judge, is equally inappropriate and unacceptable as an attorney and counselor-at-law.
MASTRO, J.P., RIVERA, DILLON, BALKIN and CHAMBERS, JJ., concur.
ORDERED that the respondent, Alan Michael Simon, is disbarred, effective immediately, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Alan Michael Simon, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alan Michael Simon, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Alan Michael Simon, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court